# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7300 | **DATE** | 10-20-2011 |
| **CASE TITLE** | Kevin Dawson (#2010-0322194) vs. Larry Axelrood, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes Cook County Jail officials to deduct $24.93 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) regarding his false arrest claim. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff appears to claim that he was falsely arrested when he was the victim rather than the perpetrator of a crime, and that he is being wrongfully prosecuted on two, unrelated charges.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $24.93. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number **(CONTINUED)**

mjm

assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, the plaintiff must submit an amended complaint, as the pleading on file does not name a proper defendant.

The plaintiff may not sue either Judge Axelrood or Assistant State's Attorney Catherine Crowley for damages. The Supreme Court has repeatedly held that a judge may not be held to answer in civil damages for acts committed in the exercise of his or her judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967); *see also Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) ("Of course her claims against the judges are barred; . . . they have absolute immunity from such damages claims") (citations omitted).

Likewise, "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 429-31 (1976); *see also, Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003).

In fact, the plaintiff may not challenge a pending criminal prosecution by way of a civil rights action. The federal courts are largely prohibited from intervening in state criminal prosecutions. "As a general rule, *Younger* abstention 'requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.' " *Village of DePue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008), *quoting FreeEats.com v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2008); *see also Younger v. Harris*, 401 U.S. 37 (1971). The rule in *Younger* "is designed to permit state courts to try state cases free from interference by the federal courts." *Id.* If the plaintiff seeks dismissal of any criminal charges, he must file an appropriate motion in state court.

The only discernible potential claim is that the plaintiff was wrongfully arrested. Although the rambling complaint is difficult to follow, the plaintiff seems to be alleging that the police arrested him for unlawful use of a weapon even though he was not carrying a gun. But neither former police chief Jody Weis nor Cook County Sheriff Tom Dart can be held liable for false arrest under the facts alleged. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). The plaintiff must name as defendants the police officers and/or sheriff's deputies who allegedly arrested him without probable cause or a warrant.

**(CONTINUED)**

| STATEMENT |
|---|

If the plaintiff is unable at this time to identify the officers who arrested him, this circuit permits *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if the plaintiff wants to pursue his false arrest claim but cannot name the arresting officers, he should name a supervisory official or administrator who is in a position to identify the John Doe defendants.

Once the plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the defendants who allegedly violated the plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on the defendants in interest and the supervisory defendant(s) will be dismissed. The plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint limited to his false arrest claim. The amended complaint should name as defendants the officers who arrested him (or, if he cannot identify them at this time, their supervisor). The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge;
he must also submit a sufficient number of copies for service on each defendant named in the amended complaint.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended complaint form and instructions. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that the plaintiff does not wish to pursue his claims in federal court at this time.