Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7300 | **DATE** | 1-3-2012 |
| **CASE TITLE** | Kevin Dawson (#2010-0322194) vs. Larry Axelrood, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to amend [#9] is denied, without prejudice. The amended complaint [#10] and second amended complaint [#11] are stricken. On the court's own motion, the plaintiff is granted thirty days to submit a third amended complaint (plus a judge's copy and service copies) limited to his false arrest claim. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions. The case will remain closed if the plaintiff fails to submit a third amended complaint within thirty days of the date of this order.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff appears to claim that he was falsely arrested when he was the victim rather than the perpetrator of a crime, and that he is being wrongfully prosecuted on two, unrelated charges, that he was mistakenly incarcerated for missing a court date, and that he was housed under unconstitutional conditions of confinement.

By Minute Order of December 2, 2011, the court dismissed this case in light of the plaintiff's failure to submit an amended complaint, as directed. The plaintiff subsequently filed a motion for leave to amend, a first amended complaint, and then a second amended complaint.

Unfortunately, the second amended complaint does not pass muster under 28 U.S.C. § 1915A. Although the court specifically directed the plaintiff to limit his amended complaint to his false arrest claim, the plaintiff persists in challenging his pending prosecution; furthermore, he has raised other, new claims and brought in Cook County Jail officials as defendants. The plaintiff's meandering complaint containing distinct claims against unrelated defendants cannot stand.

As discussed in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007),
**(CONTINUED)**

mjm

## STATEMENT (continued)

The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). *George*, 507 F.3d at 607. Accordingly, the plaintiff may pursue on his false arrest claim under this case number. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits.

The plaintiff is granted thirty days from the date of this order to submit a third amended complaint on the court's required form, limited to his false arrest claim. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **The plaintiff is once again reminded that he must provide the court with the original plus a judge's copy of every document filed; in addition, he must provide a service copy for each defendant named in the third amended complaint.**

The plaintiff is cautioned that an amended complaint supersedes prior pleadings and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the third amended complaint, without reference to prior pleadings. Any exhibits the plaintiff wants the court to consider in its threshold review of the third amended complaint must be attached, and each copy of the third amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will remain closed.