IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KEVIN DAWSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11 C 7300 |
| v. ) | |
| ) | Hon. James B. Zagel |
| AMBROSE J. RESA, JR., ) | |
| individually, J.G. BURKS ) | |
| individually, B.A. CRISLER, ) | |
| individually, JAMES F. BRAUN, ) | |
| individually, and THOMAS DART, ) | |
| in his official capacity as the Sheriff ) | |
| of Cook County, Illinois ) | |
| ) | |
| Defendants. ) | |

**FIFTH AMENDED COMPLAINT**

KEVIN DAWSON ("Dawson"), by his counsel, complains against Ambrose J. Resa, Jr., J.G. Burks, B.A. Crisler, James F. Braun, each individually, and against Thomas Dart ("Dart"), in his official capacity as the Sheriff of Cook County, as follows:

**COUNT I: 42 U.S.C. § 1983**

1. Dawson is a resident of Chicago, Cook County, Illinois, and is presently being held in the Cook County Jail, as prisoner #2010-0322194.

2. Defendant Ambrose Resa, Jr. is a Chicago Police Department detective.

3. Defendant J.G. Burks is a Chicago Police Department officer.

4. Defendant B.A. Crisler is also a Chicago Police Department officer.

5. Defendant James Braun is a Chicago Police Department detective.

6. Defendant Dart is the Sheriff of Cook County, and is responsible for the operation of the Cook County Jail where Dawson is presently being held.

7. This Court has jurisdiction under 28 U.S.C. §1331 because this is a civil action arising under the laws of the United States, and under 28 U.S.C. § 1343(a)(3), 28 U.S.C. § 2241(c)(3), and 42 U.S.C. § 1983.

8. Venue is proper in this district and division because all parties reside herein and all relevant events took place in this district and division.

**Dawson's Initial Burglary Charge**

9. On March 21, 2010, Dawson was charged with a residential burglary. He was then released on bond with electronic monitoring.

10. On May 6, 2010, the terms of Dawson's release were modified to permit him to leave his house to work.

**Dawson Is Robbed and Shot -- Has No Gun**

11. On August 25, 2010, while on his way to work, Dawson was robbed by two men, one of whom shot Dawson in the back. Dawson was treated by paramedics, who then transported him to Christ Advocate Hospital for treatment of severe spinal injuries caused by the shooting.

12. Dawson did not have a gun when he was shot, nor when he was taken by paramedics to Christ Advocate Hospital.

13. Nonetheless, Defendants Crisler and Burks reported, falsely, that paramedics on the scene found a 9 mm Luger handgun in Dawson's possession when he was taken to Christ Advocate Hospital.

**Dawson Is Held In Custody Based on a Non-Existent Gun Charge**

14. On September 4, 2010, two Cook County sheriffs came to Dawson's room in the hospital, told him that he was under arrest and that he would be charged with a Unlawful Use of

a Weapon, based on the false report of Defendants Burks and Crisler. Dawson was taken to the Cook County Jail.

15. On or about September 7, 2010, Dawson was transferred from the Cook County Jail to Stroger Hospital, due to his spinal injuries. Dawson was kept shackled at Stroger Hospital due to the purported future Unlawful Use of Weapons charge based on the false report of Defendants Burks and Crisler.

16. On or about September 12, 2010, Defendants Resa and Braun visited Dawson at Stroger Hospital. They falsely told him that they were trying to find out who shot him. In fact, they were investigating the murder on February 28, 2010 of a man named Willie Anderson. Nonetheless, Defendant Resa mentioned to Dawson that he had been caught with a gun when he was shot on August 25, 2010.

17. Prior September 14, 2010, someone -- upon information and belief, it was either Resa or Braun -- advised Assistant States Attorney Catherine Crowley, who is prosecuting Dawson's burglary charge in Skokie, that Dawson was going to be charged with Unlawful Use of Weapons because paramedics had found Dawson with a gun when he was shot and robbed on August 25, 2010 -- based on the false report filed by Officers B.A. Crisler and J.G. Burks on that date.

18. On September 14, 2010, Assistant States Attorney Catherine Crowley advised the Court in Skokie that Dawson was going to be charged with Unlawful Use of Weapons. Based upon that advice, the Court revoked Dawson's bond and his release.

19. In fact, the report that Dawson had a weapon was false (because it was based on the false report filed by Officers B.A. Crisler and J.G. Burks on October 25, 2010). Further, the report that Dawson would be charged with Unlawful Use of Weapons was false.

3

20. In fact, consistent with the fact that Burks' and Crisler's gun report was false, Dawson has never been charged with Unlawful Use of Weapons.

21. Because the purported Unlawful Use of Weapons charge does not exist and has never existed, Dawson has not had, and can never have, an opportunity to disprove it in state court.

**Dawson's Wrongful Loss of Liberty**

22. On October 1, 2010, Dawson was arrested and charged with murdering Willie Anderson on February 28, 2010. On October 25, 2010, Judge Flood set bond for Dawson on the murder charge at $850,000.

23. Dawson could have posted bond and obtained his release on the murder charge, but there was no point in doing so, because his bond on the residential burglary charge had been revoked, based on the false gun possession statement of defendants Crisler and Burks.

24. On or about November 11, 2011, Dawson, through his public defender on the residential burglary charge, asked for reinstatement of his bond on that charge, that bond had been revoked on September 14, 2010 based on what turned out to be a non-existent Unlawful Use of Weapons charge. The Court denied Dawson's request, saying his bond had been revoked on September 14, 2010 based on the pending murder charge.

25. In fact, Dawson's bond was revoked in Skokie on the residential burglary charged based on the fictitious weapons charge, not based on a murder charge that did not exist at that time.

26. As a result, since September 4, 2010 Dawson has been held in custody by Defendant Dart, as the Sheriff of Cook County, due to the false report filed by Defendants Crisler and Burks on August 25, 2010, the communication of that false statement to assistant

4

#11225408_v3

states attorney Crowley by Defendants Resa and Braun, and the further communication of that false statement made to the Court by Crowley on September 14, 2012 that Dawson was going to be charged with Unlawful Use of a Weapon as a result.

**Actions To Deprive Dawson of Constitutional Rights**

27. Defendants Crisler, Burks, Resa and Braun, in making and communicating their false statements, were acting under color of state law.

28. Defendants Crisler, Burks, Resa and Braun in making their false statements, acted to deprive and deny Dawson his rights to due process and against unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

29. Defendants' actions were either intentional, or reckless and callously indifferent to Dawson's federally protected rights.

30. Dawson has suffered damages as a result of Defendants' conduct.

## COUNT II -- PETITION FOR WRIT OF HABEAS CORPUS

31. Dawson hereby incorporates the allegations of paragraphs 1 through 25 above.

32. Dart, in his official capacity as the Sheriff of Cook County, is holding and detaining Dawson in the Cook County Jail under or color of state law.

33. Dart's detention of Dawson violates Dawson's rights to due process and against unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

34. Under 28 U.S.C. § 1343(a)(3), this Court has the authority to require that Dart cease holding Dawson in violation of his Constitutional rights.

WHEREFORE, Dawson prays that this court enter judgment in his favor as follows:

a. Against defendants Burks, Crisler, Resa and Braun for his actual damages and for punitive damages, for costs, attorneys' fees, and such further relief as the Court deems appropriate.

b. Against defendant Dart in the form of an injunction requiring the release of Dawson upon posting bond for his murder charge, and for his costs, attorneys' fees, and such further relief as the Court deems appropriate.

KEVIN DAWSON

By: s/Malcolm H. Brooks
His attorney

Malcolm H. Brooks
Holland & Knight, LLP
131 S. Dearborn, 30th Floor
Chicago, Illinois 60603
(312) 263-3600